UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x
TODD TARGGART, individually and on behalf of all
others similarly situated,

|  |  |
|---|---|
| Plaintiff, | **MEMORANDUM & ORDER** |
| v. | 24-CV-1927 (Block, J.) (Marutollo, M.J.) |

NEXT BRIDGE HYDROCARBONS, INC., KEN RICE,
GEORGE PALIKARAS, ROBERT L. COOK, CLIFTON
DUBOSE, JR., JOSEPH DEWOODY, LUCAS T.
HAWKINS, DELVINA OELKERS, MIA PITTS,
KRISTIN WHITLEY, and GREGORY MCCABE,

Defendants.

------------------------------------------------------------------------- x

**JOSEPH A. MARUTOLLO, United States Magistrate Judge**:

## I.   Background

Plaintiff Todd Targgart, individually and on behalf of all others similarly situated, brings this putative class action against Defendants Next Bridge Hydrocarbons, Inc., Ken Rice, George Palikaras, Robert L. Cook, Clifton DuBose, Jr., Joseph DeWoody, Lucas T. Hawkins, Delvina Oelkers, Mia Pitts, Kristin Whitley, and Gregory McCabe, for alleged violations of the Securities Act of 1933 (the "Securities Act"). *See generally* Dkt. No. 1.

Currently pending before this Court, on a referral from the Honorable Frederick Block, United States District Judge, is Plaintiff's unopposed motion seeking to: (1) have Plaintiff Todd Targgart, as well as individuals identified as Steven Martinez and Mohammed Limon (collectively, the "NBH Investor Group"), appointed as lead plaintiff; and (2) obtain approval of the NBH Investor Group's chosen counsel, Levi & Korsinsky, LLP, to be appointed as lead counsel,

1

pursuant to the Securities Act, as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA").  Dkt. No. 14.

For the reasons stated below, Plaintiff's motion is **GRANTED**.  The NBH Investor Group is appointed as lead plaintiff and Plaintiff's choice of counsel, Levi & Korsinsky, LLP, is appointed as lead counsel.[1]

**A.      Relevant Facts**

On June 28, 2021, Metamaterial Technologies Inc. ("Metamaterial") and Torchlight Energy Resources, Inc. ("Torchlight")—an entity operating in the oil and gas industry—executed a merger agreement following a "reverse takeover" resulting in a combined company renamed Meta Materials Inc.  *See* Dkt. No. 1 at ¶¶1, 26, 30, 32.  In connection with the merger, Torchlight shareholders received shares of non-voting Meta Materials Inc. preferred stock (the "Preferred Stock") entitling holders to receive either (i) "proceeds from the sale of the oil and gas assets," or—if such assets were not sold by a date certain—(ii) "equity in a spin-off entity created to take ownership of the assets."  *Id.* at ¶¶ 3, 32.  But the oil and gas assets were not sold.  *Id.* at ¶ 33. Therefore, Meta Materials Inc. proceeded with a spin-off transaction resulting in the creation of Defendant Next Bridge Hydrocarbons, Inc on or about December 14, 2022 ("NBH" or the "Company.").  *Id.* at ¶¶ 1, 35.  As contemplated in the transaction resulting in the issuance of the

---

[1] Judge Block referred the instant motion "to be appointed lead counsel and lead plaintiff to MJ Marutollo to decide."  *See* Text Order, dated May 15, 2024.  Indeed, "an order appointing lead plaintiff and approving lead counsel qualifies as a non-dispositive matter under Rule 72(a) of the Federal Rules of Civil Procedure, allowing this Court to issue a written order (*i.e.*, a Memorandum and Order) rather than a recommended disposition (*i.e.*, a Report and Recommendation)."  *City of Hollywood Police Officers Ret. Sys. v. Henry Schein, Inc.*, No. 19-CV-5530 (FB) (RLM), 2019 WL 13167890, at *1 (E.D.N.Y. Dec. 23, 2019) (citing Fed. R. Civ. P. 72(a)); *see also Carpenter v. Oscar Health, Inc.*, 631 F. Supp. 3d 157, 160 (S.D.N.Y. 2022) ("A Magistrate Judge may issue an order appointing lead plaintiff and approving lead counsel under Rule 72 of the Federal Rules of Civil Procedure.") (collecting cases); *In re Sequans Commc'ns S.A. Sec. Litig.*, 289 F. Supp. 3d 416 (E.D.N.Y. 2018) (magistrate judge resolves, in opinion and order, competing motions to be appointed lead plaintiff).

Preferred Stock, holders of Preferred Stock received equity in NBH upon completion on the spin-off transaction.  *Id.* at ¶ 35.  To "effectuate the spin-off," NBH had filed a registration statement with the United States Securities and Exchange Commission ("SEC"), via a Form S-1, on July 14, 2024.  *Id.* at ¶ 4.  The registration statement was further amended and, with a "final prospectus" (together composing the "Registration Statement"), the Registration Statement "became effective of November 18, 2022."  *Id.* (quotations in original).

Plaintiff Todd Targgart was one of the Preferred Stock holders who "acquired NBH shares pursuant and traceable to the Registration Statement."  *Id.* at ¶ 13.  Targgart alleges that the Registration Statement was "negligently prepared" and "contained false statements of material facts or omitted to state other facts necessary to make the statements made not false or misleading." *Id.* at ¶ 38.  In short, Targgart alleges that NBH misrepresented the value of NBH's oil and gas assets in the Registration Statement filed with the SEC—noting that NBH's oil and gas assets were "substantively worthless."  *Id.* at ¶¶ 38-39.

Targgart brings this action, represented by counsel from Levi & Korsinsky, LLP, on behalf of a putative class composed of "all persons or entities that acquires shares of NBH in connect with [NBH's] spin-off . . . and [who] were damages as a result thereof . . ."  *Id.* at ¶ 42.  Plaintiff brings claims for (i) violation of Section 11 of the Securities Act, 15 U.S.C. §77k, and (ii) violation of Section 15 of the Securities Act, 15 U.S.C. § 77o.  *Id.* at ¶¶ 48-61.  Targgart seeks (i) class certification pursuant to Fed. R. Civ. P. 23; (ii) an award of damages to himself and class members pursuant to Section 11 of the Securities Act; (iii) an award of compensatory damages against all Defendants jointly and severally; (iv) reasonable costs and expenses; and (v) other equitable and injunctive relief as the Court may deem just and proper.  *Id.* at 13.

3

**B.      The Competing Motions**

On March 15, 2024, Targgart commenced this instant action by filing a Complaint.  Dkt. No. 1.  On May 14, 2024, a movant identified as Craig Brown ("Brown") appeared in this action by filing a Motion to Appoint Lead Counsel, asserting that Brown has the "largest financial interest in this action" and requesting that its choice of counsel, The Rosen Law Firm, be appointed lead counsel for the class.  Dkt. Nos. 12-1 at 2-3.

On the same day, Targgart—together with Steven Martinez and Mohammed Limon—filed a competing motion to appoint (i) Targgart, Martinez, and Limon (the aforementioned "NBH Investor Group") as lead plaintiffs in this action and (ii) the law firm of Levi & Korsinsky, LLP as lead counsel for the putative class pursuant to the PRSLA.  Dkt. No. 14.

On June 4, 2024, Brown—after initially filing an opposition to the NBH Investor Group's motion (Dkt. No. 15)—filed a notice withdrawing its motion stating that "[h]aving reviewed the competing motion filed in this action, [Brown] does not appear to have the largest financial interest."  Dkt. No. 18.  Brown added that the withdrawal would have no impact on his membership in the proposed class.  Dkt. No. 18 at 1.

On June 5, 2024, Plaintiff affirmed this withdrawal by confirming that "there is no opposition to its pending motion" at Dkt. No. 14.  *See*  Dkt. No. 20.

In light of Plaintiff's and Brown's submissions at Dkt. Nos. 18 and 20, this Court will only consider the NBH Investor Group's Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel ("Plaintiff's Motion").  Dkt. No. 14; *White v. Nano-X Imaging Ltd.*, No. 20-CV-4355 (WFK)(MMH), 2022 WL 3973838, at *6 (E.D.N.Y. Aug. 10, 2022), *report and recommendation adopted*, 2022 WL 3867750 (E.D.N.Y. Aug. 30, 2022) (setting aside as moot a competing motion for appointment of lead plaintiff withdrawn by the movant).

4

## II.      Discussion

"Even when a motion to appoint lead plaintiff is unopposed, the Court must still consider the factors under the PSLRA to ensure that the movant is the most adequate plaintiff." *City of Warren Police & Fire Ret. Sys. v. Foot Locker, Inc.*, 325 F. Supp. 3d 310, 314 (E.D.N.Y. 2018) (Bulsara, M.J.).

### A.      Notice Requirement

As a preliminary matter, "the PSLRA requires that the plaintiff who files the first action publish notice to the class within 20 days of filing the action, in a widely circulated national business-oriented publication or wire service, advising members: (I) of the pendency of the action, the claims asserted therein, and the purported class period; and (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class." *Darish v. N. Dynasty Mins. Ltd.*, No. 20-CV-5917 (ENV) (RLM), 2021 WL 1026567, at *3 (E.D.N.Y. Mar. 17, 2021) (citing 15 U.S.C. § 78u-4(a)(3)(A)(i)). "Even where, as here, no party has objected to the adequacy of notice, 'courts have an independent duty to scrutinize the published notice and ensure that the notice comports with the objectives of the PSLRA.'" *Lemm v. New York Community Bancorp, Inc.*, -- F. Supp. 3d -- , 2024 WL 2022213, at *3 (E.D.N.Y. May 7, 2024) (citation omitted).

On March 15, 2024 (which is the same day that the Complaint was filed in this District), Levi & Korsinsky, LLP published, pursuant to the PSLRA, 15 U.S.C. § 78u-4(a)(3)(A)(i), a Notice (Dkt. No. 14-6) in *Globe Newswire*. Dkt. No. 14-2 at 7. *Globe Newswire* "is a suitable vehicle for meeting the statutory requirement that notice be published." *Xiangdong Chen v. X Fin.*, No. 19-CV-6908 (KAM) (SJB), 2020 WL 2478643, at *2 (E.D.N.Y. May 13, 2020) (quoting *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 403

5

(S.D.N.Y. 2004)); *Schaeffer v. Depaolo*, No. 23-CV-1921 (FB) (JRC), 2023 WL 5153481, at *3 (E.D.N.Y. Aug. 10, 2023) (same); *see e.g., Salinger v. Sarepta Therapeutics, Inc.*, No. 19-CV-8122 (VSB), 2019 WL 6873807, at *4 (S.D.N.Y. Dec. 17, 2019) ("Plaintiff published a notice on *Globe Newswire*, fulfilling the PSLRA requirements set forth in 15 U.S.C. § 77z-1(a)(3)(A)(i). "); *Li Hong Cheng v. Canada Goose Holdings Inc.*, No. 19-CV-8204 (VSB), 2019 WL 6617981, at *4 (S.D.N.Y. Dec. 5, 2019) (same).  No one challenges the adequacy of the notice.

The Notice, in relevant parts, explains that Levi & Korsinsky, LLP has filed in the instant class action lawsuit alleging that "NBH has filed a registration statement in connection with its spin-off from Meta Materials that contained false and/or materially misleading statements. The statements at issue concern the value of the Company's oil and gas assets and NBH's transactions with related parties.  The complaint alleges that these false and/or materially misleading statements violated the Securities Act of 1933 and, consequently, damaged shareholders who received NBH shares in conjunction with the spin-off." Dkt. No. 14-6.  The Notice also states that, if an individual has purchased shares pursuant to the spin-off and wishes to be appointed as lead plaintiff, they must do so by May 14, 2024. *Id.*

As the Notice included the pendency of the action, the claims asserted herein, the purported class period, and the deadline to file a lead plaintiff motion, the Court finds that the PSLRA's notice requirement has been satisfied. *Lemm*, 2024 WL 2022213, at *3 ("The notice included the class period alleged in the *Lemm* complaint, the purported class of purchasers, and the deadline to file a lead plaintiff motion.").

### B.    Appointment of Lead Plaintiff

The PLSRA establishes the procedure for the appointment of a lead plaintiff in a Securities Act case. *Xiangdong Chen*, 2020 WL 2478643, at *3 (citing 15 U.S.C. § 77z-4(a)(3)(B)(i)).  The

PSLRA requires the court to appoint as 'lead plaintiff' the member of the class that it determines to be the 'most adequate plaintiff,' *i.e., the member 'most capable of adequately representing the interests of class members.'*" *Chitturi v. Kingold Jewelry, Inc.*, No. 20-CV-2886 (LDH) (SJB), 2020 WL 8225336, at *4 (E.D.N.Y. Dec. 22, 2020) (quoting 15 U.S.C. § 78u-4(a)(3)(B)(i)) (emphasis added).

### 1.    Legal Standards

"Courts generally follow a two-step inquiry to determine the most adequate plaintiff." *Schaeffer*, 2023 WL 5153481, at *3.  First, the court must "'adopt a presumption that the most adequate plaintiff . . . is the person or group of persons that:' (1) 'has either filed the complaint or made a [timely] motion' to be appointed as lead plaintiff(s); (2) 'in the determination of the court, has the largest financial interest in the relief sought by the class; and' (3) 'otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.'"  *Chitturi*, 2020 WL 8225336, at *4 (citing § 78u-4(a)(3)(B)(iii)(I)); *see Murphy v. Argo Blockchain plc*, 683 F. Supp. 3d 211, 216 (E.D.N.Y. 2023) (Bulsara, M.J.) (outlining the requirements for a lead plaintiff).

Second, once the court is satisfied that it has found the presumptive lead plaintiff, the court may then consider whether that presumption has been "rebutted" by a member of the purported plaintiff class.  *Lemm*, 2024 WL 2022213, at *3 (citing15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)).  This presumption "may be rebutted only upon proof that the presumptively adequate plaintiff" either "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  *Chitturi*, 2020 WL 8225336, at *4  (citing § 78u-4(a)(3)(B)(iii)(II)); *see also Maliarov v. Eros Int'l PLC*, No. 15-CV-8956 (AJN), 2016 WL 1367246, at *2 (S.D.N.Y. Apr. 5, 2016) (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)–(bb)); see 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa)–(bb).4)).

7

Here, the NBH Investor Group satisfies both steps of the lead plaintiff inquiry.

### 2.    The First Step

At the first step, the NBH Investor Group satisfies all three requirements: (i) a Complaint has been filed and a timely motion has been made for the NBH Investor Group to be appointed as lead plaintiff; (ii) the Court has determined that the NBH Investor Group has the largest financial interest in the relief sought by the class, and (iii) the NBH Investor Group has otherwise satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure.

> **a.    The NBH Investor Group has filed the Complaint and made a timely motion to be appointed as lead plaintiff.**

The NBH Investor Group filed the Complaint and made a timely motion to be appointed as lead plaintiff.  The instant motion was filed on May 14, 2024 (Dkt. No. 14), which is within the 60-day statutory period.  *See* 15 U.S.C. § 77z-1(a)(3)(A)(i)(II); *see, e.g.*, *Damri v. LivePerson, Inc.,* No. 23-CV-10517 (PAE), 2024 WL 1242510, at *2 (S.D.N.Y. Mar. 22, 2024) ("Damri filed the complaint, and is the only person seeking appointment as lead plaintiff, satisfying the first prong"); *Murphy*, 683 F. Supp. 3d at 216 (finding that a motion for lead plaintiff was timely filed). The NBH Investor Group filed a PSLRA certification attesting that Todd Targgart, Steven Martinez, and Mohammed Limon are willing to serve as class representatives and are willing to provide testimony at deposition and/or trial in this action.  *See* Dkt. No. 14-4.

The Court therefore turns to the second and third elements of the PSLRA's test.

> **b.    The NBH Investor Group has the largest financial interest in the relief sought by the class.**

The NBH Investor Group has the largest financial interest in the relief sought.  In assessing the financial interests of parties competing for lead plaintiff status, courts generally consider:

(1) the total number of shares purchased during the class period;

(2) the net shares purchased during the class period (in other words, the difference between the number of shares purchased and the number of shares sold during the class period);

(3) the net funds expended during the class period (in other words, the difference between the amount spent to purchase shares and the amount received for the sale of shares during the class period); and

(4) the approximate losses suffered.

*In re Gentiva Sec. Litig.*, 281 F.R.D. 108, 112 (E.D.N.Y. 2012) (referring to factors as the "*Olsten* Factors") (citing *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998)); *see also Lemm*, 2024 WL 2022213, at *4. "The fourth factor, the approximate losses suffered, is considered to be the most important." *Murphy*, 683 F. Supp. 3d at 217.

The NBH Investor Group alleges to have "suffered an approximate loss of $534,705.20" because of "Defendants' false statements." Dkt. No. 14-2, at 9-10. "Because an alternative lead plaintiff has not come forward, let alone one with a larger financial stake, the Court assumes—subject to the discussion below of the Rule 23 factors—that [the sole plaintiff's] financial interest renders him suitable to serve as lead plaintiff." *Damri*, 2024 WL 1242510, at *3. Here, no other putative class member has filed a motion for appointment as lead plaintiff—nor has another putative class members appeared to assert a larger financial stake. *See, e.g.*, Dkt. No. 18, 20.

Accordingly, the NBH Investor Group satisfies the largest financial interest requirement.

### c. The NBH Investor Group otherwise satisfies Fed. R. Civ. P. 23.

The NBH Investor Group otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

The Fed. R. Civ. P. 23 requirements for class certification are commonly referred to as numerosity, commonality, typicality, and adequacy. *See Sykes v. Mel S. Harris & Associates LLC*, 780 F.3d 70, 80 (2d Cir. 2015). In a PSLRA motion to appoint lead plaintiff, however, "the Court considers only whether the proposed plaintiff has made a "preliminary showing" that two of Rule

9

23's requirements—typicality and adequacy—are satisfied." *Murphy*, 683 F. Supp. 3d at 221-22; *see also Damri*, 2024 WL 1242510, at *3 (explaining that "only the last two factors—typicality and adequacy—are pertinent") (citation omitted); *Martingano v. Am. Int'l Grp., Inc.*, No. 06-CV-1625, 2006 WL 1912724, at *4 (E.D.N.Y. July 11, 2006) ("[A]t this stage in the litigation, one need only make a preliminary showing that the Rule's typicality and adequacy requirements have been satisfied." (quotations and citations omitted)). "A movant must make only a preliminary showing that the adequacy and typicality requirements have been met." *Schaeffer*, 2023 WL 5153481, at *4 (citation and internal quotation marks omitted); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d at 296 ("A wide ranging analysis under Rule 23 is not appropriate and should be left for consideration of a motion for class certification.") (citation omitted).

### i.     Typicality

"Typicality is satisfied where the claims arise from the same course of events and each class member makes similar legal arguments to prove defendant's liability." *Murphy*, 683 F. Supp. 3d 211, 222 (E.D.N.Y. 2023) (internal citations omitted). A movant's claim "need not be identical to the claims of the class to satisfy the typicality requirement." *City of Ann Arbor Employees' Ret. Sys. v. Citigroup Mortg. Loan Tr. Inc.*, No. 08-CV-1418, 2009 WL 10709107, at *3 (E.D.N.Y. Mar. 9, 2009) (quotations omitted), *report and recommendation adopted*, 2009 WL 10750336 (E.D.N.Y. Mar. 16, 2009). Rather, courts appoint lead plaintiffs when their "claims are based on the same alleged false or misleading statements and omissions attributed to [d]efendants during the same period as the other potential class members' claims." *Lemm*, 2024 WL 2022213 at *4 (citations omitted).

Here, the NBH Investor Group's claims are typical of the claims asserted by the class. Like members of the putative class, the NBH Investor Group "alleges that Defendants' material

10

misstatements and omissions concerning NBH's business, operational and financial results violated the federal securities laws.  Dkt. No. 14-2, at 11.  Therefore, as the NBH Investor Group's contend, the "NBH Investor Group's interests and claims are "typical" of the interests and claims of the Class."  *Id*.

### ii.   Adequacy

For a lead plaintiff to satisfy the adequacy requirement,

> (1) there should be no conflict between the interests of the class and the named plaintiff nor should there be collusion among the litigants; and (2) the parties' attorney must be qualified, experienced, and generally able to conduct the proposed litigation. Additionally, the lead plaintiff should have a sufficient interest in the outcome to ensure vigorous advocacy.

*Kehoe v. 3D Sys. Corp.*, No. 21-CV-1920 (NGG) (TAM), 2021 WL 5408923, *5 (E.D.N.Y. July 13, 2021).

Here, there is nothing about the NBH Investor Group's interests that appear antagonistic to the interests of the other putative class members, especially given the fairly standard class allegations.  There is no evidence to suggest a conflict of interest between the NBH Investor Group and the class that they seeks to represent.  *Cf. Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 625 (1997) ("The adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between named parties and the class they seek to represent.").

Further, there is no doubt that Levi & Korsinsky, LLP is qualified, experienced, and generally able to conduct the proposed litigation.  Indeed, as noted below, Levi & Korsinsky, LLP has handled, and been appointed lead counsel, in myriad other cases with similar fact patterns.  *See, e.g., Francisco v. Abengoa, S.A.*, No. 15-CV-6279 (ER), 2016 WL 3004664, at *7 (S.D.N.Y. May 24, 2016) ("After reviewing [Movants'] submission detailing Levi & Korsinsky, LLP's track record, the Court, like many others in this Circuit before it, concludes that the firm is qualified to

11

serve as lead counsel of the class"); *Chahal v. Credit Suisse Grp. AG*, No. 18-CV--2319 (AT)(SN), 2018 WL 3093965, at *7 (S.D.N.Y. June 21, 2018) (appointing Levi & Korsinsky, LLP as lead co-counsel); *White v. Nano-X Imaging Ltd.*, No. 20-CV-4355 (WFK) (MMH), 2022 WL 3973838 (E.D.N.Y. Aug. 10, 2022), *report and recommendation adopted*, 2022 WL 3867750 (E.D.N.Y. Aug. 30, 2022) (appointing Levi & Korsinsky, LLP as lead plaintiff's counsel). Finally, the NBH Investor Group attests that they understand the role of lead plaintiff and has declared his commitment to litigating this action through trial. Dkt. No. 14-4.

Accordingly, the NBH Investor Group satisfies the first step in the two-part inquiry.

### 3.    The Second Step

The presumption that the NBH Investor Group should be appointed lead plaintiff "may be rebutted only upon proof" that they "will not fairly and adequately protect the interests of the class" or is "subject to unique defenses that render [him] incapable of adequately representing the class." 15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(II), 78u-4(a)(3)(B)(iii)(II); *accord Constance Sczesny Tr. v. KPMG LLP*, 223 F.R.D. 319, 323 (S.D.N.Y. 2004). "Conclusory assertions and mere speculation will not suffice." *Lemm*, 2024 WL 2022213, at *5.

Here, in light of Brown's withdrawal, no rebuttal has been offered, nor has any proof been shown to demonstrate that the NBH Investor Group will not fairly or adequately represent the class. Indeed, there is no indication that there are any unique defenses that Defendants could raise that would render the NBH Investor Group inadequate to represent the Class.

Accordingly, this Court finds that the NBH Investor Group—composed of Plaintiff Todd Taggart, Steven Martinez, and Mohammed Limon—have satisfied the two-step inquiry and shall be designated as lead plaintiff.

C.       **Appointment of Lead Counsel**

"The PSLRA permits the lead plaintiff to select and retain lead counsel, subject to the Court's approval." *Lemm*, 2024 WL 2022213, at *7; *see also In re Fuwei Films Sec. Litig.*, 247 F.R.D. at 439 ("Pursuant to 15 U.S.C. § 78u–4(a)(3)(B)(v), the lead plaintiff shall select and retain counsel to represent the class, subject to the court's approval.").  "There is a 'strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection.'" *Salinger v. Sarepta Therapeutics, Inc.*, No. 19-CV-8122 (VSB), 2019 WL 6873807, at *5 (S.D.N.Y. Dec. 17, 2019) (quoting *Sallustro v. CannaVest Corp.*, 93 F. Supp. 3d 265, 278 (S.D.N.Y. 2015)).

In support of that request, Levi & Korsinsky, LLP has submitted an exhibit setting forth his firm's experiences as class counsel and attaching a resume of the firm which references over fifty securities class actions or other actions in which the firm has served as counsel or, in many cases, lead or co-lead counsel.  Dkt. No. 14-8; Dkt. No. 14-2 at 12-13; *see also Francisco,* 2016 WL 3004664, at *7 ("After reviewing [Movants'] submission detailing Levi & Korsinsky, LLP's track record, the Court, like many others in this Circuit before it, concludes that the firm is qualified to serve as lead counsel of the class" and to protect the interests of the class.").

The Court therefore grants Levi & Korsinsky, LLP's request to serve as lead counsel in this action.

III.    **Conclusion**

Accordingly, the Court **GRANTS** Plaintiff's motion.  This Court appoints the NBH Investor Group—comprising Plaintiff Todd Targgart, Steven Martinez, and Mohammed Limon—as lead plaintiff and Levi & Korsinsky, LLP, as lead counsel.  Brown's application at Dkt. No. 12 is denied as moot in light of the withdrawal in Dkt. No. 18.

13

By August 19, 2024, Lead Counsel and counsel for Defendants shall meet and confer regarding scheduling and shall thereafter file a proposed order stating the deadline by which (a) Lead Plaintiff will file an amended complaint (if any), and (b) the date by which Defendants will file a responsive pleading.

Dated:        Brooklyn, New York
              August 3, 2024                         **SO ORDERED.**


                                        __*/s/ Joseph A. Marutollo*__
                                        JOSEPH A. MARUTOLLO
                                        United States Magistrate Judge